IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMAN IVORY,

        Plaintiff,                  No. 2:-cv-12-2902 AC P

       vs.

R. MIRANDA, et al.,

        Defendants.            <u>ORDER</u>

                             /

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

1

and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The complaint states a colorable claim for relief against defendant Physician's Assistant R. Miranda for deliberate indifference to a serious medical condition in violation of the Eighth Amendment pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

Plaintiff names only "John/Jane Does, et al.," as defendants in his case caption.[1] Although plaintiff does name defendant Miranda in the body of the complaint, he makes numerous other allegations which ascribe violations of his rights to Doe defendants. Among these allegations are plaintiff's claims that he is being denied his right to: the free exercise of religion; clean laundry, linen and cleaning supplies; to be transferred to a Level II prison; daily exercise; adequate law library access. These claims will be dismissed because plaintiff has failed to link them to any named defendant upon whom process could be served. As a general rule, "Doe" pleading is disfavored in the federal courts. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Amendment is allowed, however, to substitute true names for fictitiously named defendants. Merritt v. County of Los Angeles, 875 F.2d 765 (9th Cir. 1989). Therefore, the Doe defendants will be dismissed, but plaintiff is granted leave to link his allegations to defendants whom he names.

As to his claims regarding his transfer to a Level III prison, plaintiff does not implicate a constitutional right. See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985) (prison authorities may change a prisoner's "place of confinement even though the degree of

---

[1] The court has modified plaintiff's caption to name the single defendant plaintiff has identified against whom he makes a colorable claim.

confinement may be different and prison life may be more disagreeable in one institution than in another" without violating the prisoner's due process rights). Thus, in general, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. See Board of Regents v. Roth, 408 U.S. 564, 569 (1972). Nor does the Constitution guarantee a prisoner placement in a particular prison or protect an inmate against being transferred from one institution to another. Meachum v. Fano, 427 U.S. 215, 223-225 (1976).

In addition, plaintiff has supplemented his December 17, 2012 complaint with a declaration on December 26, 2012 and an additional supplement on December 28, 2012. This violates Local Rule 220 which requires, in relevant part, that "every pleading to which an amendment or supplement is permitted ... shall be ...filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with." Therefore, any amended complaint must be complete within itself.

If plaintiff chooses to amend the complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Motion for a Preliminary Injunction

*Legal Standard*

"A preliminary injunction is an 'extraordinary and drastic remedy'. . . never awarded as of right." Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (internal citations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). A preliminary injunction is appropriate when a plaintiff demonstrates . . . "serious questions going to the merits and a hardship balance [that] tips sharply toward the plaintiff, . . . assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984).

In cases brought by prisoners involving conditions of confinement, any

5

1  preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the
2  harm the court finds requires preliminary relief, and be the least intrusive means necessary to
3  correct the harm."  18 U.S.C. § 3626(a)(2).
4        Plaintiff seeks a preliminary injunction asking the court to enjoin either unnamed
5  defendants or parties unnamed in the complaint from housing him improperly; limiting his law
6  library access; retaliating against him by threatening him with administrative segregation, false
7  disciplinary charges and other punishment; not properly processing his grievances; not permitting
8  him the free exercise of his religion.  See Doc. Nos. 4, 5, 8, 9.  He also has recently averred that
9  he no longer has a coat.  Doc. No. 8.
10        At this time, the court is unable to assess the likelihood of plaintiff's success on
11  the merits as the vast majority of his claims in the underlying complaint have been dismissed.
12  Therefore, the court will deny plaintiff's motion for preliminary injunction as premature but
13  without prejudice until such time as plaintiff has filed an amended complaint or the time for doing
14  so has expired, and this matter then  proceeds on the modified original complaint or an amended
15  complaint.
16        Accordingly, IT IS HEREBY ORDERED that:
17        1.  Plaintiff's request to proceed in forma pauperis is granted;
18        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
19  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
20  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
21  Director of the California Department of Corrections and Rehabilitation filed concurrently
22  herewith.
23        3.  Plaintiff's claims against the Doe defendants are dismissed for the reasons
24  discussed above, with leave to file an amended complaint within twenty-eight days from the date
25  of service of this Order.  Failure to file an amended complaint will result in a recommendation
26  that these defendants be dismissed from this action.

4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

5. Plaintiff's motion for a preliminary injunction, filed on December 17, 2012 (Doc. No. 4) is denied without prejudice as set forth above.

DATED: January 17, 2013.

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
ivor2902.b1.wpd