UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN IVORY, | No. 2:12-cv-2902 AC P |
| Plaintiff, | |
| v. | ORDER & |
| R. MIRANDA, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed a civil rights action. Pending before the court is defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim (ECF No. 20), to which plaintiff filed his opposition (ECF No. 21).

ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

Defendant R. Miranda is a physician's assistant (P.A.) employed at High Desert State Prison (HDSP) by the California Department of Corrections and Rehabilitation (CDCR). Plaintiff is both hearing and mobility impaired. He had reconstructive surgery on his left knee in 1990, following a football injury, and has developed significant degenerative arthritis over the following 23 years. Plaintiff's "trick" knee causes him to frequently fall and injure himself. Because of his well-documented medical condition, plaintiff was permanently assigned a bottom bunk, knee brace and cane. Until he encountered defendant Miranda, plaintiff never had a problem regarding

1

1  his "chronos" and treatment. When plaintiff arrived at HDSP on November 1, 2012, defendant
2  Miranda changed his Disability Program Placement (DPP) status from DPH to DNH[1] and
3  discontinued plaintiff's lower tier/lower bunk comprehensive accommodation chrono and his
4  knee brace chrono. Miranda did not conduct any medical examination of plaintiff to determine
5  these actions were appropriate. First Amended Complaint, ECF No. 12, at 2-6.

6  When plaintiff asked Miranda why his accommodation/treatment was being discontinued,
7  the defendant dismissed plaintiff's concern, stating: "Well, you need to go out there and tell those
8  guys on the yard to stop packing knives in their knee braces." Plaintiff was assigned to a top
9  bunk that evening, and severely re-aggravated his injuries when trying to get up and down from
10 the top bunk. An officer observing plaintiff's injury re-housed plaintiff that same night in the
11 bottom bunk of an empty cell. When plaintiff was subsequently examined by Dr. Rahman on
12 December 7, 2012, following plaintiff's health care appeal of defendant's actions, the doctor re-
13 issued plaintiff's comprehensive accommodation chronos. Id. at 2, 4-5.

14 Plaintiff alleges that Miranda conducted a "grossly inadequate" screening process upon
15 plaintiff's arrival at HDSP, and indiscriminately discontinued treatment without a proper medical
16 examination. Plaintiff alleges that defendant Miranda's actions caused him severe and on-going
17 pain. Plaintiff claims that defendant Miranda violated his rights under the Eighth Amendment
18 and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12102. Plaintiff seeks declaratory
19 relief and compensatory and punitive damages. Id. at 4-8.

20 By order filed on May 1, 2013, the court found that plaintiff's amended complaint stated a
21 cognizable claim against Miranda for deliberate indifference under the Eighth Amendment
22 pursuant to 42 U.S.C. § 1983 and for a violation of the Americans with Disabilities Act. ECF No.
23 15. Plaintiff's claim of a violation of the ADA against defendant Miranda proceeds only to the
24 extent plaintiff seeks injunctive relief and has sued him in an official capacity. Id., n.1.
25 ////
26 ////

---

[1] Plaintiff explains that the "P" in DPH indicates having a hearing impairment that affects placement, while the "N" in DNH means placement is not impacted. ECF 12 at 6.

MOTION TO DISMISS

Defendant moves for dismissal of the Eighth Amendment claim, arguing that plaintiff's allegations fail to state a claim for deliberate indifference. Defendant also contends that plaintiff fails to state a claim for a violation of the ADA. Motion to Dismiss (MTD), ECF No. 20.

I.    Legal Standard for Motion to Dismiss under Fed, R. Civ. P. 12(b)(6)

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388

(9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

      A.      Eighth Amendment Inadequate Medical Care Claim

           1. *Applicable Legal Standard*

In order to state a §1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 5 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court established a very demanding standard for "deliberate indifference." Negligence is insufficient. Farmer, 511 U.S. at 835. Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient to establish an Eighth Amendment violation. Id. at 836-37. It not enough that a reasonable person would have known of the risk or

4

that a defendant should have known of the risk. Id. at 842. Rather, deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal citation omitted) (emphasis added).

A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to *competently* treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id. However, mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). In cases involving complex medical issues where plaintiff contests the type of treatment he received, expert opinion will almost always be necessary to establish the necessary level of deliberate indifference. Hutchinson v. United States, 838 F.2d 390 (9th Cir. 1988).

A finding that an inmate was seriously harmed by the defendant's action or inaction tends to provide additional support for a claim of deliberate indifference; however, it does not end the inquiry. McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992). In summary, "the more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the defendant." McGuckin, 974 F.2d at 1061.

2. *Sufficiency of Claim*

Defendant contends that plaintiff's allegations fail to establish a serious medical need or a substantial risk of harm that was knowingly disregarded. Motion to Dismiss (MTD), ECF No. 20 at 5-8. Defendant argues that a past knee reconstruction and degenerative arthritis are common medical ailments not rising to the level of serious medical needs, that plaintiff did not allege his condition worsened when he arrived at HDSP, and that no facts are alleged to show a failure to treat plaintiff's knee could result in further significant injury or the wanton infliction of pain. MTD, ECF No. 20 at 6.

To constitute a serious medical need for Eighth Amendment purposes, a condition need not be uncommon. It is sufficient that the condition limits daily activities or causes pain:

> Examples of serious medical needs include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." McGuckin v. Smith, 974 F.2d 1050, 1059–60 (9th Cir.1992).

Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). Because plaintiff alleges a history of medical treatment, mobility impairment (which by definition affects daily activities) and chronic and substantial pain, his knee condition plainly constitutes a serious medical need.

Plaintiff's allegations also sufficiently establish that defendant knew of and disregarded the risk created by failing to honor plaintiff's medical chronos. Defendant's contention that Miranda was unaware of any facts giving rise to a "substantial risk of serious harm" is contradicted by his own summary of the allegations:

> Plaintiff alleges that he told Miranda that he is "mobility impaired due to reconstructed left knee and degenerative arthritis, as well as back injury due to falls as a result of my bad knee." (AC 5.) Plaintiff further alleges that "through the years it has been well documented based on medical examinations, and MRI scans, draining water off the knee ad nauseum (sic). (AC 3-4.) But Plaintiff does not allege that Miranda had knowledge of the extensive history regarding Plaintiff's knee or past treatments. Plaintiff fails to establish that a substantial risk of harm existed and Miranda knowingly disregarded the risk.

MTD, ECF No. 20 at 6. For present purposes, it does not matter whether Miranda had reviewed plaintiff's medical records and familiarized himself with the history of plaintiff's treatment. Miranda was on notice of the issue from plaintiff's self-report, and Miranda's alleged failure to follow-up in light of that information arguably supports plaintiff's claim.

Finally, plaintiff alleges that defendant wrongly removed his accommodation chrono on the very day of his arrival at HDSP. Plaintiff need not have alleged that a chronic condition worsened at HDSP when the incident at issue occurred on the first day of his arrival. The complaint alleges that plaintiff's condition had been diagnosed by physicians and was considered sufficiently serious to warrant prescription of the permanent lower bunk chrono, pain medication

and use of a cane, and that defendant Miranda simply chose not to consider plaintiff's medical needs before arbitrarily removing his chronos.  Plaintiff's complaint adequately alleges that his longstanding knee condition was both chronic and degenerative, and therefore would worsen without accommodation and treatment.  Moreover, the complaint alleges that plaintiff experienced substantial re-injury as the result of getting into and out of a top bunk on November 1, 2012.  These allegations are sufficient to state a claim under the Eighth Amendment.

Miranda contends that his discontinuance of the accommodation chrono and knee brace amount to no more than a difference of opinion regarding appropriate medical care, which does not rise to the level of an Eighth Amendment violation as a matter of law.  See Toguchi v. Chung, 391 F.3d at 1058; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  The undersigned rejects this argument.  Liberally construed, the complaint alleges that Miranda countermanded a physician's orders[2] without any medical assessment whatsoever.  If true, that is not a difference of opinion but a deliberate failure to provide care.  Whether or not the claim could withstand summary judgment is a separate question.[3]

In sum, defendant's motion regarding the sufficiency of plaintiff's Eighth Amendment claim is without merit and should be denied.

B.   ADA

*Legal Standard*

Title II of the Americans with Disabilities Act (ADA) prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability.  42 U.S.C. § 12132 (1994); Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir.), cert. denied, 522 U.S. 971 (1997).  The Supreme Court has held that Title II of the ADA applies to state prisons.  Pennsylvania Dept. of Corr. v. Yeskey, 524 U.S. 206, 210 (1998); see also Lee v.

---

[2] Plaintiff's lower-bunk accommodation chrono and knee brace had been previously prescribed by a physician.

[3] The appropriate time for bringing such a motion is after adjudication of the instant motion to dismiss, any answer has been filed, and discovery has been conducted.  Accordingly, plaintiff's pending September 4, 2013 motion for summary judgment (ECF No. 22) will be vacated as premature, without prejudice to its renewal pursuant to the scheduling order that will issue after an answer is filed.

1    City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001).  To state a claim under Title II, the
2    plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the
3    plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's
4    services, programs, or activities; (3) the plaintiff was either excluded from participation in or
5    denied the benefits by the public entity; and (4) such exclusion, denial of benefits or
6    discrimination was by reason of the plaintiff's disability.  Simmons v. Navajo County, Ariz., 609
7    F.3d 1011, 1021 (9th Cir. 2010); McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir.
8    2004); Weinrich, 114 F.3d at 978.
9             Title II of the ADA imposes obligations on public entities, not on individuals.  See 42
10   U.S.C. § 12132; see also Estate of Martin v. Cal. Dept. of Veterans Affairs, 560 F.3d 1042, 1047
11   (9th Cir.) (plaintiff must plead and prove that defendant was a "public entity"), cert. denied, 558
12   U.S. 880 (2009); Garcia v. SUNY Health Sciences Center, 280 F.3d 98, 107 (2d Cir. 2002)
13   (statute does not provide for suit against pubic official in individual capacity).  Accordingly, the
14   statute does not support damages claims against individual defendants.  Id.  ADA plaintiffs may,
15   however, seek injunctive relief by suing the appropriate state actor in his or her official capacity.
16   Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003); see also Phiffer v. Columbia
17   River Corr. Inst., 384 F.3d 791, 791-92 (9th Cir. 2004), cert. denied, 546 U.S. 1137 (2006).
18        *Discussion*
19            Plaintiff's ADA claim is defective for several distinct reasons.  First, although "[t]he ADA
20   prohibits discrimination because of disability," it does not provide a remedy for "inadequate
21   treatment for disability."  Simmons, 609 F.3d at 1022 (citing Bryant v. Madigan, 84 F.3d 246,
22   249 (7th Cir.1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the
23   medical needs of its disabled prisoners .... The ADA does not create a remedy for medical
24   malpractice.")).  In this case the complaint alleges no more than a failure to attend to plaintiff's
25   medical needs.  All of Miranda's alleged wrongful acts – revoking the lower-bunk and knee brace
26   chronos and changing plaintiff's Disability Program Placement status – involve inadequate
27   response to plaintiff's medical needs.  No other discriminatory acts are alleged.  There are no
28   allegations that plaintiff was excluded from any program or service, or that the institution had a

policy to deny accommodation or otherwise discriminate against disabled prisoners. Because inadequate treatment of disability is insufficient to sustain a claim under Title II of the ADA, plaintiff's claim is insufficient to entitle him to relief.

Second, the complaint is devoid of factual allegations that would support an inference of intentional discrimination. For the reasons already explained, plaintiff's allegations are sufficient at the pleading stage to show that defendant Miranda knew that revoking plaintiff's lower-bunk chrono and taking away his knee brace would create a serious risk of further injury and/or pain. There are no facts to suggest, however, that Miranda was motivated by discriminatory animus based on plaintiff's disability. See Lovell v. Chandler, 303 F.3d 1039, 1056-57 (9th Cir. 2002) (plaintiff must establish intentional discrimination), cert. denied, 537 U.S. 1105 (2003); Does 1-5 v. Chandler, 83 F.3d 1150, 1155 (9th Cir. 1996) (plaintiff must show that exclusion from services was due solely to disability).

Third, plaintiff may not recover damages under the ADA from an individual state actor, or indeed obtain any relief from a public actor in his individual capacity. See Garcia, 280 F.3d at 107. Accordingly, the ADA claim against the moving defendant in his personal capacity must be dismissed with prejudice. See Thomas v. Nakatani, 128 F. Supp. 2d 684, 691-93 (D. Hawaii 2000).

In its previous screening order, the court assumed that the instant complaint could be liberally construed to seek injunctive relief.[4] Injunctive relief is, in theory, available in an ADA suit naming a state official in his official capacity. Miranda B., 328 F.3d at 1187-88. It is unclear to the undersigned that Miranda is a proper defendant in the injunctive relief context. The complaint contains no facts suggesting that Miranda is an official responsible for any institutional or departmental policy or custom that violates the ADA. Nor does the complaint contain facts suggesting that Miranda has the authority to implement any injunctive relief that might be ordered to remedy such a policy or custom. It is implausible that a Physician Assistant would have such authority. In any case, even assuming that a claim against Miranda in his official capacity should

---

[4] Plaintiff's prayer for relief seeks declaratory relief, compensatory and punitive damages, and "and additional relief this court deems just, proper, and equitable." ECF No. 12 at 8.

be construed as a claim against the state, see Kentucky v. Graham, 473 U.S. 159, 166 (1985) (official capacity suit should be treated as suit against entity), the allegations of the complaint are inconsistent with a claim for injunctive relief.

Plaintiff complains of the unilateral actions of defendant Miranda on a discrete date, and states that a physician restored the accommodations that Miranda had revoked less than six weeks later. The attachments to the complaint document that plaintiff's administrative appeal was largely successful in obtaining prospective relief. See ECF No. 12 at 11-12 (acknowledging restoration of chrono for lower bunk). Accordingly, any implicit request for injunctive relief would be moot. There are no allegations of any ongoing violation of the ADA.[5] As previously noted, there are no allegations of any discriminatory policy or practice. For all these reasons, upon further review, the undersigned concludes that reading a claim for injunctive relief into this complaint would exceed the bounds of the liberality that is appropriate in construing pro per pleadings.

Although leave to amend should be liberally granted, Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995), this rule applies only where a complaint can possibly be saved. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). Plaintiff's ADA claim against defendant Miranda in his individual capacity is foreclosed as a matter of law. Thomas, 128 F. Supp. 2d at 691-93. Even if plaintiff could add facts by amendment that would support the element of intentional discrimination, such amendment would be futile because Miranda still could not be individually liable under the ADA. The amended complaint does not seek injunctive relief, either explicitly or implicitly, and plaintiff's allegations are inconsistent with such a request. Therefore amendment to clarify that suit is brought against Miranda only in his official capacity would also be futile. Because leave to amend need not be granted where the futility of amendment is apparent, it will not be recommended here.

---

[5] Plaintiff alleges that he continues to experience pain from the re-injury he experienced as the result of defendant Miranda's actions on November 1, 2012. That allegation is relevant to the Eighth Amendment claim, but not to the ADA claim.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 22) is vacated as premature, without prejudice to renewal pursuant to the scheduling order that will issue following defendant's filing of an answer; and

2. The Clerk of the Court is directed to make a random assignment of a district judge to this case.

IT IS RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 20) be denied in part and granted in part as follows:

   a) Denied as to plaintiff's Eighth Amendment claim;

   b) Granted as to plaintiff's claim under the ADA;

2. Defendant Miranda be directed to file an answer to plaintiff's Eighth Amendment claim within thirty days of the order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one day after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 15, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE